47 F.3d 1169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wilford INGRAM, Petitioner-Appellant,
v.
Michael J. O'DEA, III, Warden; Attorney General,
Commonwealth of Kentucky, Respondents-Appellees.
 No. 94-5796.
 United States Court of Appeals, Sixth Circuit.
 Jan. 25, 1995.
 
 1
 Before: NORRIS and DAUGHTREY, Circuit Judges; and FEIKENS, District Judge.*
 
 ORDER
 
 2
 Wilford Ingram, a pro se Kentucky prisoner, appeals a district court judgment, dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury convicted petitioner in August 1987 of bribing a witness. The court sentenced him to five years of imprisonment. The Kentucky Court of Appeals affirmed petitioner's conviction and sentence, and the Kentucky Supreme Court denied discretionary review. Thereafter, following an evidentiary hearing, the Lincoln Circuit Court overruled Ingram's Ky.R.Crim.P. 11.42 motion. The Kentucky Court of Appeals affirmed, and the Kentucky Supreme Court denied discretionary review.
 
 
 4
 Thereafter, petitioner filed his current petition for a writ of habeas corpus, alleging that counsel rendered ineffective assistance because he: 1) did not call an alibi witness; 2) did not adequately investigate the case and the possible defenses; 3) did not object to the Commonwealth's statement that Curtis Ingram (petitioner's nephew) had pleaded guilty to participating with petitioner in the bribery scheme; and 4) did not object to the Commonwealth's inflammatory cross-examination which characterized petitioner as a liar. A magistrate judge filed a report recommending that the petition be dismissed as without merit. Over petitioner's objections, the district court adopted the magistrate judge's recommendation and dismissed the petition. Petitioner has filed a timely appeal, reasserting his same claims.
 
 
 5
 Upon review, we conclude that the district court properly denied Ingram's petition for a writ of habeas corpus as he has not shown that his trial was fundamentally unfair and that the proceedings resulted in his unjust confinement. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 6
 Ingram has not established that counsel rendered deficient performance or that he was prejudiced by that performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel's failure to call Ingram's brother was not deficient because his brother's testimony would not have rebutted evidence that Ingram was involved in preparing the bribery scheme. The record also establishes that counsel prepared for trial by meeting with Ingram and his wife on several occasions. In addition, counsel's conduct throughout the trial, including voir dire, opening and closing statements, and his cross-examination of the witnesses, establishes that counsel was knowledgeable as to the case. Counsel's failure to object to the prosecutor's statement that Ingram's nephew had pleaded guilty was not improper as it was counsel's strategy to reveal the plea to the jury. Finally, counsel's failure to object to the prosecutor's questioning of Ingram characterizing him as a liar does not constitute ineffective assistance as Ingram has not established that the result of the trial would have been different had counsel objected.
 
 
 7
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation